**John Barhoum, OSB No. 045150**
Email: john.barhoum@chockbarhoum.com
**Jessica Lancaster, OSB No. 134151**
Email: jessica.lancaster@chockbarhoum.com
**Ashleigh Edwards, OSB No. 154656**
Email: ashleigh.edwards@chockbarhoum.com
Chock Barhoum LLP
121 SW Morrison St., Suite 500
Portland, OR  97204
Telephone: 503.223.3000

     Attorneys for Defendants Best Buy Stores, L.P.
     and Chris Davis

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| Ben Edtl, | Case No.  3:22-cv-00003-HZ |
| Plaintiff, | |
| v. | **DEFENDANTS' MOTIONS TO DISMISS, STRIKE, AND MAKE MORE DEFINITE AND CERTAIN** |
| Best Buy Stores, Limited Partnership; Chris Davis; and Jane Doe. | **ORAL ARGUMENT REQUESTED** |
| Defendants. | |

/ / /

/ / /

/ / /

Page 1     **DEFENDANTS' MOTIONS TO DISMISS, STRIKE, AND MAKE MORE DEFINITE AND CERTAIN**

# Table of Contents

Page

Title Page ...............................................................................................................1

Table of Contents.................................................................................................. i

Table of Authorities ........................................................................................... iii

LR 7-1 CERTIFICATION......................................................................................2

INTRODUCTION ................................................................................................2

MOTIONS ...........................................................................................................3

I.    Motion No. 1: Motion to Dismiss Complaint under Fed. R. Civ. P. 12(b)
for failing to state a claim upon which relief can be granted ................................4

    A.  Defendants Did Not Force or Coerce Plaintiff to
Wear a Face Covering………………………………………………………..4

    B.  There Was No State Action; Defendants Are Not State Actors…………………5

        1.  Analytical Framework for What Constitutes Under Color of
State Law…………………………………………………………………5

            a.  Two-Part *Lugar* Test……………………………………………..6
               i.  Public Function Factor………………………………...7
              ii.  Joint Actions Factor…………………………………….7
             iii.  Government Compulsion Factor………………………7
             iv.  Government Nexus Factor……………………………8

            b.  *Sutton* Case Example………………………………………….8

        2.  Application of Analytical Framework to This Case
Necessitates Dismissal……………………………………………………9

            a.  There Was No Deprivation (First Factor)………………...............10
            b.  Defendants Were Not State Actors (Second Factor)………………10

    C.  There Was No Constitutional or Federal Statute Violation……………………14

1. Plaintiff's Complaint Fails to State a Claim under the Fourteenth Amendment (First Claim for Relief)…………………………………………14

2. Plaintiff's Complaint Fails to Identify Any Federal Statute Violation (Second Claim for Relief)…………………………………………16

II. Motion No. 2: In the alternative, Motion to Strike portions of the Complaint as immaterial, impertinent, and scandalous under Fed. R. Civ. P. 12(f)………………17

III. Motion No. 3: In the alternative, Motion to Make More Certain under Fed. R. Civ. P. 12(e)………………………………………………………………..18

IV. Defendants Request Their Attorneys' Fees under 42 U.S.C. § 1988…………………18

CONCLUSION…………………………………………………………………………19

# Table of Authorities

**Case Law**

*Bowers v. Whitman*, 671 F.3d 905 (9th Cir. 2012) ........................................................15

*Carey v. Continental Airlines, Inc.*, 823 F.2d 1402 (10th Cir. 1987) .............................7

*Coll. Sav. Bank v. Fl. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666 (1999) .............14

*Denis v. Ige*, 538 F. Supp. 3d 1063 (D. Haw. 2021)........................................................15

*Franceschi v. Yee*, 887 F.3d 927 (9th Cir. 2018) ............................................................15

*Guzman v. Shewry*, 552 F.3d 941 (9th Cir. 2009).........................................................14

*Kirtley v. Rainey*, 326 F.3d 1088 (9th Cir. 2003) ...........................................................5

*Lee v. Katz*, 276 F3d 550 (9th Cir. 2002)........................................................................7

*Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922 (1982) .............................................5, 6

*L.W. v. Grubbs*, 974 F.2d 119 (9th Cir. 1992) ................................................................5

*Pakdel v. City & Cty. of San Francisco*, 798 F. Appx. 162 (9th Cir. 2020)..................15

*Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742 (9th Cir. 2020) ...........5-8, 10, 13

*Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826 (9th Cir. 1999)........... passim

*Talleywhacker, Inc. v. Cooper*, 465 F. Supp. 3d 523 (E.D. N.C. 2020) .......................14

**Statutes**

14th Amendment.............................................................................2, 4, 5, 14, 15, 19

21 U.S.C. § 360bbb-3 .....................................................................................3, 16, 17

42 U.S.C. § 1983.............................................................................................2, 4, 5, 9, 19

42 U.S.C. § 1988.............................................................................................3, 18, 19

**Rules**

Fed. R. Civ. P. 12 ..................................................................................................2, 3, 4, 9, 17, 18

Local Rule 7-1 .......................................................................................................................2

OAR 333-019-1025 ....................................................................................................10, 16, 18

## LR 7-1 CERTIFICATION

Defense counsel certifies they have conferred with Plaintiff's counsel via telephone on January 27, 2022 and counsel was not able to resolve the issues raised in these motions.

## INTRODUCTION

Plaintiff is a well-known anti-mask activist associated with a group that stages mask protests including mask burnings. Plaintiff's activism has led to this lawsuit where he asserts a novel claim unsupported by any 42 U.S.C. § 1983 jurisprudence. Plaintiff claims that Defendant Best Buy, a private business, was acting under the color of state law when its employee asked Plaintiff to wear a face covering inside the store or be helped outside the store without a face covering. *See* Complaint ¶ 11 (stating Plaintiff was shopping at Defendant's store on December 17, 2021), ¶ 12 (Photo providing various shopping options outside of in-store shopping). Based on this, Plaintiff asserts two § 1983 claims. First, "Illegal Coercion of Human Beings to Wear Experimental Medical Device in Violation of the Due Process Clause of the 14th Amendment." Plaintiff's second claim is for "Violation of Right to Informed Consent Pursuant to Federal Law." Both claims fail as a matter of law and must be dismissed.

Defendants Best Buy Stores, L.P. (erroneously named "Best Buy Stores, Limited Partnership" in the Complaint) (hereinafter "Defendant"), Chris Davis[1], and Jane Doe (collectively "Defendants") move the Court under Fed. R. Civ. P. 12(b) to dismiss the Complaint as for failure to state a claim. In the alternative, Defendants move the Court under Fed. R. Civ. P. 12(e) and (f)

---

[1] Plaintiff named Jane Doe as a fictious defendant and identified Jane Doe in the Complaint as an employee of Defendant. The Complaint fails as a matter of law against this fictious defendant as it does against the named Defendants.

**DEFENDANTS' MOTIONS TO DISMISS, STRIKE, AND MAKE MORE DEFINITE AND CERTAIN**

to strike or make a more definite statement. Defendants also request their attorney fees under 42 U.S.C. § 1988 due to the frivolous allegations in the Complaint.

Initially, Plaintiff's Complaint does not allege that Defendant forced him to wear a face covering. Thus, claims for coercion or inability to refuse the face covering are facially invalid as Plaintiff refused to wear a face covering and never wore one. *See* Complaint ¶ 14 (alleging Defendants asked Plaintiff to wear a mask and then asked him to leave when he declined). Second, both of Plaintiff's claims fail as a matter of law because Defendant is not a state actor and was not acting under color of state law. Third, both of Plaintiff's claims fail as a matter of law because Defendants did not violate any of Plaintiff's constitutional rights. Fourth, Plaintiff's first claim fails as a matter of law because the State of Oregon's face covering rules are not unconstitutional. Fifth, Plaintiff's second claim for relief fails as matter of law because 21 U.S.C. § 360bbb-3 (authorization for medical products for use in emergencies) is inapplicable. Finally, the Court should strike portions of Plaintiff's Complaint and order other portions made more definite.

## **MOTIONS**

MOTION NO. 1: Motion to Dismiss Complaint under Fed. R. Civ. P. 12(b) for failing to state a claim upon which relief can be granted.

MOTION NO. 2: In the alternative, Motion to Strike portions of the Complaint as immaterial, impertinent, and scandalous under Fed. R. Civ. P. 12(f).

MOTION NO. 3: In the alternative, Motion for a More Definite Statement under Fed. R. Civ. P. 12(e).

/ / /

/ / /

**DEFENDANTS' MOTIONS TO DISMISS, STRIKE, AND MAKE MORE DEFINITE AND CERTAIN**

I.    **Motion No. 1: Motion to Dismiss Complaint under Fed. R. Civ. P. 12(b) for failing to state a claim upon which relief can be granted.**

Plaintiff's Complaint fails to state a claim for relief.  First, there was no coercion or force. Second, Defendants were not state actors and were not acting under the color of state law. Finally, Plaintiff's Complaint fails to allege an actual violation, and no constitutional rights or federal laws were violated (by Defendants or otherwise).

**A. Defendants Did Not Force or Coerce Plaintiff to Wear a Face Covering**

Each of Plaintiff's two § 1983 claims contain underlying allegations that Plaintiff was coerced or lacked a choice whether to wear a face covering.  Plaintiff's first claim asserts that he was "illegally coerced" into "wear[ing] experimental medical devices" in violation of the 14th Amendment to the United States Constitution.  Complaint ¶¶ 31–36.  Similarly, Plaintiff's second claim asserts that Defendants "failed to acknowledge [Plaintiff's] right to refuse to wear a mask" in violation of federal law.  *Id.* ¶¶ 37–42.  Thus, both of Plaintiff's claims require that there was some sort of coercion that resulted in Plaintiff wearing a face covering.

Here, there was no coercion. Plaintiff never put on a face covering or mask. Plaintiff had a choice between wearing a face covering indoors or shopping outside with an associate via iPad and without a face covering, shopping online, or shopping at another location. Plaintiff does not allege a constitutional right to shop in person at Defendant's private business and, even if he did, there is no such constitutional right.  Thus, there was no "coercion" because Plaintiff never wore a face covering and has always been able to and still can shop without a face covering in a variety of ways.

*/ / /*

**DEFENDANTS' MOTIONS TO DISMISS, STRIKE, AND MAKE MORE DEFINITE AND CERTAIN**

## B.  There Was No State Action; Defendants Are Not State Actors

Plaintiff's novel assertion that Defendant Best Buy and its employees are state actors is as absurd as it sounds.  42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States.  To state a claim under § 1983, a plaintiff must allege: (1) the conduct complained of deprived him of an existing federal constitutional or statutory right; and (2) the conduct was committed by a state actor or a person acting under color of state law. *L.W. v. Grubbs*, 974 F.2d 119, 120 (9th Cir. 1992).  Thus, § 1983 is "generally not applicable to private parties," *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003), unless the plaintiff shows that the defendant's challenged acts or omissions were taken while acting under color of state law. *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 747 (9th Cir. 2020).  Plaintiff does not allege that Defendants were state actors; instead, Plaintiff alleges that Defendants, a private business, and its employees, were acting under the color of state law.  *See* Complaint ¶¶ 36, 42 (alleging actions under the color of law).

### 1.  Analytical Framework for What Constitutes Under Color of State Law

The ultimate question that determines whether a private party is acting under the color of state law is whether "the alleged infringement of federal rights [is] fairly attributable to the government." *Sutton v. Providence St. Joseph Med. Ctr.,* 192 F.3d 826, 835 (9th Cir. 1999) (internal quotation marks and citation omitted) (Sutton involved a claim based on the Religious Freedom Restoration Act (RFRA), and the court there explicitly recognized that the same exact inquiry as under § 1983 is used in cases under the RFAR or under the Fourteenth Amendment). The two-part *Lugar* test provides the framework to answer this question. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982)

**DEFENDANTS' MOTIONS TO DISMISS, STRIKE, AND MAKE MORE
            DEFINITE AND CERTAIN**

a. Two-Part *Lugar* Test

In order to answer whether "the alleged infringement of federal rights [is] fairly attributable to the government," the Court must apply a two-part test. First, the Court must determine whether the deprivation resulted from government policy. *Lugar*, 457 U.S. at 937; *Sutton*, 192 F.3d at 835. Second, the Court must determine whether it is fair to call the defendant (the alleged depriver) a government actor. *Lugar*, 457 U.S. at 937; *Sutton*, 192 F.3d at 835.

When analyzing the second part, the court "start[s] with the presumption that *private conduct does not constitute governmental action*." *Id.* at 835 (emphasis added). In order for private conduct to constitute governmental action, "something more" must be present. *Id.* (internal quotation marks and citation omitted); *see also Lugar*, 457 U.S. at 939 ("Action by a private party pursuant to this statute, without something more, was not sufficient to justify a characterization of that party as a 'state actor.'"). There are four possible factors[2] to determine whether private conduct is "something more" such that it rises to the level of government action: (1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus. *Sutton*, 192 F.3d at 835–36; *see also Rawson.*, 975 F.3d at 747. While those factors may be helpful in some cases, there is no specific formula for what constitutes state action, thus, the inquiry must focus on whether there is a close connection between the state and the private party such that the private party's actions are fairly attributable to the state. *Sutton*, 192 F.3d at 836 (collecting cases).

---

[2] These factors are sometimes expressed as three, rather than four. *See, e.g.*, *Brunette v. Humane Soc'y of Ventura County*, 294 F.3d 1205, 1209 (9th Cir. 2002) (describing the three factors as (1) joint action; (2) symbiotic relationship; and (3) public functions). These slight variations all still address the ultimate question of whether the defendant's action can fairly be attributable to the state.

**DEFENDANTS' MOTIONS TO DISMISS, STRIKE, AND MAKE MORE DEFINITE AND CERTAIN**

### i. Public Function Factor

The public function factor is satisfied only on a showing that the function at issue is both traditionally and exclusively governmental. *Rawson.*, 975 F.3d at 748. The Ninth Circuit explained that:

> Under the public function test, "when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations." To satisfy the public function test, **the function at issue must be both traditionally and exclusively governmental**.

*Lee v. Katz*, 276 F3d 550, 554–55 (9th Cir. 2002) (internal citations omitted) (emphasis added).

### ii. Joint Actions Factor

The joint actions factor may be satisfied where the State has so far insinuated into a position of interdependence with the private party that it was a joint participant in the enterprise. *Rawson.*, 975 F.3d at 748.

### iii. Government Compulsion Factor

Governmental compulsion or coercion may exist only where the State has exercised coercive power or has provided such significant encouragement, either overt or cover, that the choice must in law be deemed to be that of the State. *Rawson.*, 975 F.3d at 748. When the defendant is a private party, a plaintiff must show "something more" than state compulsion in order to hold a private defendant liable as a governmental actor. *Sutton*, 192 F.3d at 838 (citing with approval *Carey v. Continental Airlines, Inc.,* 823 F.2d 1402, 1404 (10th Cir. 1987)). The *Sutton* court reasoned that "the mere fact that the government compelled a result does not suggest that the government's action is 'fairly attributable' to the private defendant." *Id.* The *Sutton* court went

**DEFENDANTS' MOTIONS TO DISMISS, STRIKE, AND MAKE MORE DEFINITE AND CERTAIN**

BES018.0019

on to explain that "without some other nexus between the private entity and the government, we would expect that **the private defendant is _not_ responsible for the government's compulsion**." *Id.* (emphasis added).

The court in *Sutton* specifically contemplated the absurd result of treating private businesses complying with laws as state actors without the "something more," declining to:

> convert every employer—whether it has one employee or 1,000 employees—into a governmental actor every time it complies with a presumptively valid, generally applicable law, such as an environmental standard or a tax-withholding scheme. Private employers would then be forced to defend those laws and pay any consequent damages, even though they bear no real responsibility for the violation of rights arising from the enactment of the laws.

*Id.* at 838–39. Thus, a private party cannot be a "state actor" for merely complying with law, even if the law constitutes a violation of rights (which Defendants dispute).

#### iv. Government Nexus Factor

Finally, the government nexus factor is similar to the joint action factor and may be satisfied where the court finds a sufficiently close nexus between the state and the private actor so that the action of the latter may be fairly treated as that of the State itself. *Rawson.*, 975 F.3d at 748.

### b. *Sutton* Case Example

In addition to that analytical framework, the facts in the *Sutton* case are instructive here. 192 F.3d 826. In *Sutton*, the defendant, a private medical center, refused to hire that plaintiff because the plaintiff failed to provide a Social Security Number and the defendant was required to collect employee Social Security Numbers based on IRS and INA rules. *Id.* at 829. Plaintiff then sued, alleging several claims including violation of the Religious Freedom Restoration Act

(RFRA) and violation of plaintiff's first amendment. *Id.* The defendant moved to dismiss under Fed. R. Civ. P. 12(b), the trial court granted the motion, and the Ninth Circuit Court of Appeals upheld the trial court's ruling. *Id.*

The *Sutton* court analyzed whether the defendant was acting under the color of state law when it tried to collect the plaintiff's social security number as required by federal law. *Id.* at 834–35. In so analyzing, the court explicitly found that the interpretation of "under the color of state law" for the purposes of the RRFA was the exact same inquiry as whether a private defendant was acting under the color of state law for a § 1983 claim. *Id.*

With the two-part *Lugar* test in mind (first requiring deprivation attributable to a government policy and, second, that the court can fairly say defendant was a government actor), the court in *Sutton* first agreed with both parties that the IRS and INS rules requiring employers to collect social security numbers "are rules of conduct imposed by the … government that caused Plaintiff's deprivation." 192 F.3d at 835. Thus, the first factor that the deprivation resulted from a government policy was met. For the second factor, the court found that the private employer following the government-mandated rule **does not** result in "something more" such that the defendant rises to the level of a government actor. *Id.* at 835–36. The court concluded that employers merely following laws and regulations (over which they have no control), even if a plaintiff's rights were violated, does not rise to the level of state action such that the plaintiff's claims against the private-party defendant were properly dismissed. *Id.* at 836.

2. <u>Application of Analytical Framework to This Case Necessitates Dismissal</u>

Defendants' actions of asking Plaintiff to put on a face covering while indoors does not constitute state action. Both factors of the two-factor *Lugar* test fail as a matter of law. First, there

**DEFENDANTS' MOTIONS TO DISMISS, STRIKE, AND MAKE MORE DEFINITE AND CERTAIN**

was no deprivation, so there cannot be any deprivation as the result of government policy. Second, Defendants are not state actors under any of theories in the four factors.

### a. There Was No Deprivation (First Factor)

There is no constitutional right to shop indoors without face coverings. Plaintiff's Complaint fails to state what constitutional right he was deprived of. Plaintiff flatly concludes that he was "coerced" to wear a mask, but the underlying facts in the Complaint are that Plaintiff was asked to put on a face covering only when inside a store. Complaint ¶¶ 14, 29. Alternatives remained for Plaintiff to shop without a face covering outside the physical store with the assistance of an associate, shop online, or shop at another location. Thus, on the face of the Complaint, there is no deprivation. Thus, this first factor fails as a matter of law and the claims must be dismissed on this basis.

### b. Defendants Were Not State Actors (Second Factor)

Defendants having a face covering policy in compliance with a state regulation is not fairly attributing Defendants' actions to the state. This case is very similar to *Sutton* where the employer complying with IRS and INS rules did not rise to state action because, here, Defendants were attempting to comply with a state rule requiring face coverings. There is neither (1) public function; (2) joint action; (3) governmental compulsion or coercion; nor (4) governmental nexus. *See Rawson.*, 975 F.3d at 747 (setting forth the four factors).

The state law Plaintiff points to is an Oregon Administrative Rule, OAR 333-019-1025, requiring masks or face coverings in certain indoor spaces:

**Masking Requirements for Indoor Spaces**

(1) COVID-19 infection is transmitted predominately by inhalation of

**DEFENDANTS' MOTIONS TO DISMISS, STRIKE, AND MAKE MORE DEFINITE AND CERTAIN**

respiratory droplets generated when people cough, sneeze, sing, talk, or breathe. Studies show that masks and face coverings block the release of respiratory droplets into the environment and can also reduce the wearer's exposure to droplets. COVID-19 viral particles spread between people more readily indoors and when people are closer together for longer periods of time indoors. This rule is necessary to help control COVID-19, reduce hospitalizations and deaths, and provide general health protection to people in Oregon.

(2) Nothing in this rule is intended to:

(a) Prohibit an individual or person from complying with a more restrictive mask requirement.

(b) Prohibit a person, including a business or governmental entity from applying more restrictive requirements.

(3) For the purposes of this rule, the following definitions apply:

(a) "Business" includes an individual, organization or entity engaged in commercial, industrial, non-profit or professional activities.

(b) "Common or shared space" means an area where individuals may interact such as a restroom, breakroom, hallway, elevator, lobby, classroom, large room with cubicles, meeting rooms, conference rooms and any area open to the public.

(c) "Face covering" means a cloth, polypropylene, paper or other face covering that covers the nose and the mouth and that rests snugly above the nose, below the mouth, and on the sides of the face.

(d) "Face shield" means a clear plastic shield that covers the forehead, extends below the chin, and wraps around the sides of the face.

(e) "Household" means individuals who live together in a single residence.

(f) "Indoor spaces" means anywhere indoors, including but not limited to public and private workplaces, businesses, indoor areas open to the public, building lobbies, common or shared spaces, classrooms, elevators, bathrooms, transportation services and other indoor space where people may gather for any purpose. An indoor space does not include a private residence or a private automobile being used for personal use and that is not used for ride sharing services.

(g) "Mask" means a medical grade mask.

(h) "Person responsible for an indoor space" means any person or governmental entity responsible for the activities within an indoor space.

(i) "Private individual workspace" means an indoor space within a public or private workplace used for work by one individual at a time that is enclosed on all sides with walls from floor to ceiling and with a closed door.

(j) "Public and private workplaces" means indoor places where people work, including but not limited to businesses, banks, food processing plants, manufacturing facilities, construction sites, warehouses and farms.

**DEFENDANTS' MOTIONS TO DISMISS, STRIKE, AND MAKE MORE DEFINITE AND CERTAIN**

(k) "Public transportation" means any form of transportation open to the public including but not limited to trains, buses, trolleys, street cars, vans, school buses, airplanes, boats, ride sharing services. Public transportation does not include private vehicles unless the private vehicle is being used for public transportation such as ride sharing services.

(l) "Ride sharing services" means transportation services, whether public or private, where a driver transports an individual or a group of people in a vehicle and charges a fare or bills for services. Ride sharing services include, but are not limited to, taxicabs, Uber, and Lyft.

(m) "Transportation hub" means any airport, bus terminal, marina, seaport or other port, subway station terminal (including any fixed facility at which passengers are picked-up or discharged), train station, U.S. port of entry, or any other location that provides transportation subject to the jurisdiction of the United States.

(4) Individuals, regardless of vaccination status, are required to wear a mask, face covering or face shield except as exempted in section (5) of this rule when in an indoor space.

(5) A mask, face covering, or face shield is not required when an individual:

(a) Is under five years of age or not yet in kindergarten; unless an individual is using public transportation or in transportation hubs in which case an individual under two years of age is not required to wear a mask, face covering or face shield.

(b) Is sleeping.

(c) Is actively eating or drinking.

(d) Is engaged in an activity that makes wearing a mask, face covering or face shield not feasible, such as when actively swimming.

(e) Is in a private individual workspace.

(f) Must remove the mask, face covering or face shield briefly because the individual's identity needs to be confirmed by visual comparison, such as at a bank or if interacting with law enforcement.

(g) Is practicing or playing a competitive sport at any level.

(h) Is officiating a competitive sport that requires a high level of physical exertion by the official.

(i) Is performing, including but not limited to playing music, delivering a speech to an audience, and theater.

(6) A person responsible for an indoor space must:

(a) Ensure that employees, contractors, and volunteers comply with this rule within the indoor space.

(b) Make reasonable efforts to ensure customers, guests, visitors and other individuals comply with this rule within the indoor space.

(c) Post signs at every entrance to the indoor space that masks, face coverings or face shields are required as described in this rule.

(7) Nothing in this rule is intended to prohibit an employer or place of public

**DEFENDANTS' MOTIONS TO DISMISS, STRIKE, AND MAKE MORE DEFINITE AND CERTAIN**

accommodation from making reasonable accommodations in order to comply with the Americans with Disabilities Act (ADA), Title VII of the Civil Rights Act, ORS 659.850 or applicable provisions of ORS chapter 659A.

(8) Penalties: Any person who violates any provision of this rule is subject to civil penalties of up to $500 per day per violation.

First, there is not a public function because Defendant, a retailer that provides goods and services for leading technology and consumer goods, is not a role traditional served by the government. *See Rawson.*, 975 F.3d at 748 (supporting conclusion).

Second, there was not joint action between Defendants and the state, and Plaintiff does not allege or allude to such a connection.

Third, there was no government compulsion because Defendants are private parties, and a private party cannot be a "state actor" for merely complying with law, even if the law constitutes a violation of rights (which Defendants dispute). *See Sutton*, 192 F.3d at 838–39 (supporting conclusion). Defendants asked Plaintiff to put on a face covering only when inside the physical store in accordance with the Oregon Administrative Rule ("OAR") and informed him of alternatives including being assisted outside without a face covering. When Plaintiff failed to wear a face covering inside the store despite repeated requests, Defendants called the non-emergency police line. The police did not take Plaintiff into custody or otherwise affect his rights. At no point did anyone force Plaintiff to wear a face covering—he had the option to wear a face covering to shop indoors or shop outdoors, online, or at another location without a face covering. The facts here, where Defendant attempted to have Plaintiff wear a face covering indoors (or shop outside) in compliance with the OAR, is very similar to the *Sutton* defendant that attempted to collect that plaintiff's social security number as required by the IRS and INS regulations. And just like in *Sutton*, there is not that "something more" that makes Defendants' mere compliance with a law

**DEFENDANTS' MOTIONS TO DISMISS, STRIKE, AND MAKE MORE DEFINITE AND CERTAIN**

(that Plaintiff disagrees with) rise to the level of government compulsion. Thus, there is no state action.

The fourth and last factor, the government nexus test, also fails to establish that Defendants were state actors for the same reasons discussed above. There was no connection with the government other than Defendants' attempt to comply with the OAR for wearing face coverings while in the store.

In sum, Defendants' actions were nothing more than compliance with a state rule. Defendants were not state actors but rather good citizens complying with a law. As the court in *Sutton* recognized, defendants "bear no real responsibility for the [alleged] violation of rights arising from the enactment of the laws" for merely complying with the existing laws. *Id.* at 839. Thus, Defendants were not acting under the color of state law, and the Court must dismiss Plaintiff's Complaint.

**C. There Was No Constitutional or Federal Statute Violation**

      1.   Plaintiff's Complaint Fails to State a Claim under the Fourteenth Amendment (First Claim for Relief)

Plaintiff's Complaint fails to state what recognized liberty or property interest is at stake. Without such an interest, there can be no cognizable claim under the Fourteenth Amendment. *Guzman v. Shewry*, 552 F.3d 941, 953 (9th Cir. 2009). There is no "general right to do business" as a constitutionally protected right. *Coll. Sav. Bank v. Fl. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1999). Courts have reaffirmed this rule in other COVID-related cases. *See, e.g., Talleywhacker, Inc. v. Cooper*, 465 F. Supp. 3d 523, 541 (E.D. N.C. 2020).

/ / /

**DEFENDANTS' MOTIONS TO DISMISS, STRIKE, AND MAKE MORE DEFINITE AND CERTAIN**

BES018.0019

Without Plaintiff identifying what alleged rights were violated, his claim fails as a matter of law. No further review is necessary. However, in general, governmental action "challenged as violating substantive due process ... is reviewed for a rational basis so long as it does not implicate a suspect class or impinge on fundamental rights." *Pakdel v. City & Cty. of San Francisco*, 798 F. Appx 162, 163 (9th Cir. 2020); *accord Franceschi v. Yee*, 887 F.3d 927, 937 (9th Cir. 2018); *Bowers v. Whitman*, 671 F.3d 905, 917 (9th Cir. 2012). For a right to be considered a fundamental right, such right must be "deeply rooted in our history and traditions" or "fundamental to our concept of constitutionally ordered liberty." *Glucksberg*, 521 U.S. at 727, 117 S.Ct. 2258; *accord Franceschi*, 887 F.3d at 937 ("The range of liberty interests that substantive due process protects is narrow and only those aspects of liberty that we as a society traditionally have protected as fundamental are included within the substantive protection of the Due Process Clause." (internal quotation marks omitted)). Plaintiff's refusal to wear a face covering while shopping indoors bears no relation to any deeply rooted history or fundamental right. Thus, the basis for review would be rationale basis review.

To survive a rationale basis review, there must merely be some governmental interest served by the law in question (here, the OAR requiring face coverings). Courts considering face covering mandates in the context of COVID have repeatedly upheld the face covering mandates under a Fourteenth Amendment analysis. *See, e.g.*, *Denis v. Ige*, 538 F. Supp. 3d 1063, 1080–81 (D. Haw. 2021). The state of Oregon requiring face coverings in indoor locations in the middle of an ongoing pandemic serves to provide a viable government interest in slowing the spread of this disease.

/ / /

Page 15     **DEFENDANTS' MOTIONS TO DISMISS, STRIKE, AND MAKE MORE DEFINITE AND CERTAIN**

The OAR itself states in part:

> COVID-19 infection is transmitted predominately by inhalation of respiratory droplets generated when people cough, sneeze, sing, talk, or breathe. **Studies show that masks and face coverings block the release of respiratory droplets into the environment and can also reduce the wearer's exposure to droplets**. COVID-19 viral particles spread between people more readily indoors and when people are closer together for longer periods of time indoors. **This rule is necessary to help control COVID-19, reduce hospitalizations and deaths, and provide general health protection to people in Oregon.**

OAR 333-019-1025(1) (emphasis added).

Thus, even if Plaintiff were to articulate some cognizable property or liberty interest, the mandate would survive rationale basis review.

For this additional reason, Plaintiff's first claim for relief fails as a matter of law, and the Court must dismiss.

    2.   <u>Plaintiff's Complaint Fails to Identify Any Federal Statute Violation (Second Claim for Relief)</u>

Plaintiff erroneously alleges Defendants violated 21 U.S.C. § 360bbb-3. This statute provides, in relevant part:

> **(ii)** Appropriate conditions designed to ensure that individuals to whom the product is administered are informed—
>> (I) that the Secretary has authorized the emergency use of the product;
>> (II) of the significant known and potential benefits and risks of such use, and of the extent to which such benefits and risks are unknown; and
>> (III) of the option to accept or refuse administration of the product, of the consequences, if any, of refusing administration of the product, and of the alternatives to the product that are available and of their benefits and risks.

21 U.S.C. § 360bbb-3(e)(1)(A). The statute applies generally to "a drug, device, or biological product intended for use in an actual or potential emergency…." *Id.* § 360bbb-3(a)(1). Importantly,

**DEFENDANTS' MOTIONS TO DISMISS, STRIKE, AND MAKE MORE DEFINITE AND CERTAIN**

BES018.0019

these rules apply to _health care professionals_ administering an "unapproved" treatment or devices. _Id._ § 360bbb-3(e)(1)(A)(i).

Here, the statute does not apply to Defendants as non-healthcare professionals. Additionally, the OAR requires face coverings (not specifically "masks") which are not medical devices within the meaning of the statute. The OAR allows for use of non-medical face coverings of many kinds. Finally, as repeatedly stated, Plaintiff was given the option of leaving the store and being helped without a face covering—there was no coercion, and Plaintiff did not wear a face covering. For these additional reasons, Plaintiff's second claim fails to state a claim upon which relief can be granted, and the Court must dismiss this claim.

## II. Motion No. 2: In the alternative, Motion to Strike portions of the Complaint as immaterial, impertinent, and scandalous under Fed. R. Civ. P. 12(f).

In the alternative, Defendants Move to Strike portions of the Complaint as immaterial, impertinent, and scandalous under Fed. R. Civ. P. 12(f). Fed. R. Civ. P. 12(f) states:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Paragraph 14 of Plaintiff's Complaint contains immaterial, impertinent, and scandalous matters:

> There, Mr. Edtl was met by Jane Doe who insisted that Mr. Edtl put on a mask. Jane Doe **is a young woman with her hair dyed bright red**, who was working at the reception desk. Mr. Edtl said, "no thank you," and proceeded into the store. Jane Doe chased Mr. Edtl down and **aggressively said**, "you need to leave the store right now."

Complaint ¶ 14 (emphasis added). Doe Defendant's age, sex, hair color, and whether said hair color is natural or not are immaterial and impertinent to Plaintiff's allegations. Further, Plaintiff's assertion that Doe Defendant "chased" down Plaintiff and "aggressively" told him to leave are

**DEFENDANTS' MOTIONS TO DISMISS, STRIKE, AND MAKE MORE DEFINITE AND CERTAIN**

scandalous and unnecessary characterizations unsupported by the facts plead and immaterial and impertinent to Plaintiff's claims.

Additionally, Paragraph 18 of Plaintiff's Complaint includes a dialogue with a questionable legal discussion between Plaintiff and Defendant Davis. These are immaterial, impertinent, and unnecessarily muddle the existing legal concepts at play.

> Mr. Edtl asked to speak with the manager, and the police officer escorted Mr. Edtl to see Chris Davis. Mr. Edtl asked Mr. Davis if he was familiar with OAR 333-019-1025. Mr. Davis said that he was. Mr. Edtl asked Mr. Davis what the provisions of the regulation require Best Buy to do. Mr. Davis could not say. Mr. Edtl informed Mr. Davis that the regulation requires Best Buy to put a sign on the door and make reasonable efforts to ensure that customers wear a mask. Mr. Edtl further informed Mr. Davis that Best Buy's efforts to force him to wear a mask were not reasonable and that they violated his civil rights.

Complaint ¶ 18. This paragraph is effectively Plaintiff testifying as to his mistaken legal beliefs—it has no place in Plaintiff's Complaint.

Thus, the Court should strike these two portions of Plaintiff's Complaint.

## III.   Motion No. 3: In the alternative, Motion to Make More Certain under Fed. R. Civ. P. 12(e).

In the alternative, Defendants move to make the Complaint more certain under Fed. R. Civ. P. 12(e). Fed. R. Civ. P. 12(e) states in part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.

Thus, if Defendants' prior motions are not granted, the Court should order Plaintiff to make more certain the Complaint to address the deficiencies outlined in the prior motions.

## IV.   Defendants Request Their Attorneys' Fees under 42 U.S.C. § 1988.

A prevailing party in a § 1983 claim may recover their attorneys' fees under 42 U.S.C.

§ 1988(b).  Defendants request their attorney fees for defending against these meritless claims and placing Defendants in the position of defending government action wholly outside their control. *See Sutton*, 192 F.3d at 839 ("Private employers would then be forced to defend those laws and pay any consequent damages, even though they bear no real responsibility for the violation of rights arising from the enactment of the laws.").  It is rare for a private defendant to be subject to § 1983 claims, and Defendants did nothing more than follow the OAR, clearly placing this case on par with *Sutton*.  Plaintiff had no basis for these claims, and Defendants should not bear the burden of their attorneys' fees for defending these meritless claims.

## CONCLUSION

For all of the above reasons, Plaintiff's Complaint fails as a matter of law.  Plaintiff was not forced to wear a face covering (and, in fact, chose not to wear a face covering).  Plaintiff does not assert any protected interest under the Fourteenth Amendment or federal law.   In the alternative, the Court should strike those portions of the Complaint outlined above.   In the alternative, the Court should order Plaintiff to make his Complaint more definite and certain.

DATED this 31st day of January, 2022.

**CHOCK BARHOUM** LLP

_____
John R. Barhoum, OSB No. 045150
Email: john.barhoum@chockbarhoum.com
Jessica Lancaster, OSB No. 134151
Email: jessica.lancaster@chockbarhoum.com
Ashleigh Edwards, OSB No. 154656
Email: ashleigh.edwards@chockbarhoum.com
    Attorneys for Defendants Best Buy Stores, L.P.
    And Chris Davis

**DEFENDANTS' MOTIONS TO DISMISS, STRIKE, AND MAKE MORE DEFINITE AND CERTAIN**

**John Barhoum, OSB No. 045150**
Email: john.barhoum@chockbarhoum.com
**Jessica Lancaster, OSB No. 134151**
Email: jessica.lancaster@chockbarhoum.com
**Ashleigh Edwards, OSB No. 154656**
Email: ashleigh.edwards@chockbarhoum.com
Chock Barhoum LLP
121 SW Morrison St., Suite 500
Portland, OR  97204
Telephone: 503.223.3000

    Attorneys for Defendants Best Buy Stores, L.P.
    and Chris Davis

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

Ben Edtl,                                                Case No.  22-cv-00003

                Plaintiff,

        v.                                   **CERTIFICATE OF SERVICE**

Best Buy Stores, Limited Partnership; Chris
Davis; and Jane Doe.

                Defendants.

        I hereby certify that on the 31st day of January, 2022, I will electronically file the foregoing

with the Clerk of the Court using the CM/ECF system, which will then send a notification of such

filing to all registered individuals.  Additionally, I hereby certify that a true copy of the foregoing

    Page 1    CERTIFICATE OF SERVICE

**DEFENDANTS' MOTIONS TO DISMISS, STRIKE, AND MAKE MORE DEFINITE AND**

**CERTAIN** served as stated below on:

Stephen J. Joncus
Joncus Law P.C.
13203 SE 172nd Avenue, Suite 166 #344
Happy Valley, Oregon 97086
     *Attorney for Plaintiff*

☐ By hand delivery
☐ By first-class mail*
☐ By overnight mail
☐ By facsimile transmission:
   Fax #:
☑ By e-mail:
   steve@joncus.net
☑ By U.S. District Court CM/ECF e-filing
   service to registered parties

*With first-class postage prepaid and deposited in Portland, Oregon.

    DATED this 31st day of January, 2022.

                    **CHOCK BARHOUM LLP**

                    John R. Barhoum, OSB No. 045150
                    Email: john.barhoum@chockbarhoum.com
                    Jessica Lancaster, OSB No. 134151
                    Email: jessica.lancaster@chockbarhoum.com
                    Ashleigh Edwards, OSB No. 154656
                    Email: ashleigh.edwards@chockbarhoum.com
                        Attorneys for Defendants Best Buy Stores, L.P.
                        And Chris Davis