Stephen J. Joncus
Oregon Bar No. 013072
JONCUS LAW P.C.
13203 SE 172nd Ave Ste 166 #344
Happy Valley, Oregon 97086
Telephone: (971) 236-1200
Facsimile: (971) 244-7997
steve@joncus.net

*Attorney for Plaintiff Ben Edtl*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **Ben Edtl**<br><br>Plaintiff,<br><br>v.<br><br>**Best Buy Stores, Limited Partnership**;<br>**Chris Davis**; and **Jane Doe**.<br><br>Defendants. | Case No.: 22-cv-00003<br><br>**AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**<br><br>**Demand for Jury Trial** |

## **INTRODUCTION**

1.  This case presents the following question: Can Best Buy coerce a

customer to wear a face mask? The answer is: no. Human beings have a fundamental

and constitutionally protected right not to be coerced into wearing experimental medical devices.[1]

2. Oregon has an administrative rule requiring individuals to wear face masks indoors. Best Buy is a state actor and acting under color of law when it attempts to enforce Oregon's mask rule on its customers. Because Best Buy is a state actor and acting under color of law, its actions are constrained by the 14th Amendment to the United States Constitution, and it is liable for violation of those rights.

## PARTIES

3. Plaintiff Ben Edtl is an individual residing in Tualatin, Oregon. Ben Edtl the founder and President of Free Oregon, a non-partisan grass roots movement dedicated to protecting individual rights and fighting tyranny in all of its forms.

4. Defendant Best Buy Stores, Limited Partnership ("Best Buy") is limited partnership registered under the laws of Virginia with a retail store located at 7041 SW Nyberg St., Tualatin, OR 97062. Best Buy is registered to do business in Oregon as a foreign entity. Best Buy may be served through its registered agent CT Corporation System, 780 Commercial St SE Ste 100, Salem, Oregon 97301.

---

[1] *See* U.S. CONST. amend XIV, § 1.

5. Defendant Chris Davis is a Geek Squad Manager of the Best Buy retail store in Tualatin and may be served at his place of employment at Best Buy 7041 SW Nyberg St., Tualatin, OR 97062.

6. Defendant Jane Doe is a female employee of the Best Buy retail store in Tualatin and may be served at her place of employment at Best Buy 7041 SW Nyberg St., Tualatin, OR 97062.

## JURISDICTION

7. This action arises under federal law, including 42 U.S.C. § 1983 and 1988, to redress the deprivation, under the color of state law, of rights, privileges, and immunities secured to Plaintiffs by the Constitution of the United States.

8. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. This Court has personal jurisdiction over the Defendants because they have committed acts in this district that violate the rights of Plaintiffs protected by the Constitution and laws of the United States.

9. Plaintiffs seek damages for the violation of their rights under the Constitution and laws of the United States.

## BACKGROUND

10. On December 17, 2021, Ben Edtl was shopping with his wife in the Best Buy retain store located in Tualatin, Oregon.

11. The Tualatin Best Buy store posts a sign stating that everyone who enters must wear a face mask.



12. Mr. Edtl, asserting his rights protected by the United States Constitution and federal law, entered the Tualatin Best Buy store without wearing a face mask. Mr. Edtl has shopped at the Tualatin Best Buy twice before in the month of December 2021, without being accosted about wearing a face mask.

13. But on December 17, 2021, Mr. Edtl was met by Jane Doe who insisted that Mr. Edtl put on a face mask. Jane Doe is a young woman with her hair dyed bright red, who was working at the reception desk. Mr. Edtl said, "no thank you," and proceeded into the store. Jane Doe chased Mr. Edtl down and aggressively said, "you need to leave the store right now."

14. Jane Doe threatened Mr. Edtl that unless he left the store, that she would call the police. One of the Defendants did call the police.

15. Defendants told Mr. Edtl that if he put on a face mask, he could shop in the store. Defendants refused to service to Ben Edtl because he was not wearing a face mask. Defendants did not offer any accommodations to Mr. Edtl.

16. When the police arrived, they told Mr. Edtl that Best Buy sought to assert a trespass claim against him. Defendants sought to have Mr. Edtl arrested and charged with trespass because he refused to follow Oregon's rule for wearing a face mask.

17. Mr. Edtl asked to speak with the manager, and the police officer escorted Mr. Edtl to see Chris Davis. Mr. Edtl asked Mr. Davis if he was familiar with OAR 333-019-1025. Mr. Davis said that he was. Mr. Edtl asked Mr. Davis what the provisions of the regulation require Best Buy to do. Mr. Davis could not say. Mr. Edtl informed Mr. Davis that the regulation requires Best Buy to put a sign on the door and make reasonable efforts to ensure that customers wear a mask. Mr. Edtl further informed Mr. Davis that Best Buy's efforts to coerce him to wear a mask violated his civil rights.

18. Mr. Edtl was escorted out of Best Buy by the police.

19. Mr. Edtl has a constitutionally protected interest to not be coerced into wearing a face mask.

20. The use of face masks is only authorized under an experimental use authorization (EUA) issued by the FDA. Mr. Edtl has a federal statutory right to informed consent to any requirement to wear a face mask.

**Best Buy is a State Actor**

21. Administrative Rule OAR 333-019-1025 requires that: "Individuals, regardless of vaccination status, are required to wear a mask, face covering or face shield except as exempted in section (5) of this rule when in an indoor space."

22. Administrative Rule OAR 333-019-1025 further provides: "A person responsible for an indoor space must: . . . (b) Make reasonable efforts to ensure customers, guests, visitors and other individuals comply with this rule within the indoor space."

23. Administrative Rule OAR 333-019-1025 further provides: "Any person who violates any provision of this rule is subject to civil penalties of up to $500 per day per violation."

24. Best Buy's policy states that it will enforce mask rules required by state or local order.

25. Best Buy does not coerce customers to wear face masks in states that do not have a mask mandate. The sole reason that the Tualatin Best Buy coerced Mr. Edtl to wear a facemask is because of Oregon's administrative rule OAR 333-019-1025.

26. Defendants were enforcing Oregon's rule when it insisted that Mr. Edtl wear a mask or leave the premises.

27. Face masks are purportedly intended to help control the spread of COVID-19. Protection of the public's health from infectious diseases is a public function that is exclusively and traditionally governmental. Defendants were performing a traditionally and exclusively governmental function when they coerced Mr. Edtl to wear a face mask.

28. Defendants were willfully participating in a joint activity with the State of Oregon when it insisted that Mr. Edtl wear a mask or leave the premises. Defendants, jointly engaged with the police, forced Mr. Edtl to leave the Tualatin Best Buy store because he refused to follow Oregon's administrative rule for face masks.

29. Through its $500 per violation fine, Oregon has coerced, or significantly encouraged, Defendants to coerce Best Buy customers into wearing face masks.

30. Jane Doe was enforcing Oregon's rule when she insisted that Mr. Edtl wear a mask or leave the premises. Jane Doe was performing a public function, willfully participating in a joint activity with the State of Oregon, or coerced by the State of Oregon when she insisted that Mr. Edtl wear a mask or leave the premises.

31. Chris Davis was enforcing Oregon's rule when he insisted that Mr. Edtl wear a mask or leave the premises. Chris Davis was willfully participating in a joint

activity with the State of Oregon or he was coerced by the State of Oregon when he insisted that Mr. Edtl wear a mask or leave the premises.

32. Defendants coerced Mr. Edtl by harassing him to put on a face mask, by threatening Mr. Edtl that they would call the police if he did not put on a face mask, by calling the police, and by attempting to get Mr. Edtl arrested and/or charged with trespassing for not putting on a face mask.

33. By harassing Mr. Edtl to put on a face mask, by threatening Mr. Edtl that they would call the police if he did not put on a face mask, by calling the police, and by attempting to get Mr. Edtl arrested and/or charged with trespassing for not putting on a face mask, Defendants are state actors and was acting under the color of state law.

## FIRST CLAIM FOR RELIEF

**ILLEGAL COERCION OF HUMAN BEINGS TO WEAR EXPERIMENTAL MEDICAL DEVICE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE 14TH AMENDMENT**

**(42 U.S.C. § 1983)**

34. Plaintiffs reallege and incorporate by reference the foregoing allegations as if fully set forth herein.

35. The 14th Amendment, Section 1, provides:

> No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

36. Mr. Edtl has a constitutionally protected liberty interest to refuse medical treatment under the Due Process Clause of the 14th Amendment. For experimental medical devices such as a face mask, Mr. Edtl's liberty interest means that he is free to exercise his power of choice. No element of force, fraud, deceit, duress, over-reaching, or other ulterior form of constraint or coercion may be used to get Mr. Edtl to wear a mask. Mr. Edtl's right to free exercise his power of choice for wearing an experimental medical device is a fundamental right.

37. The State of Oregon's mask rule OAR 333-019-1025 coerces citizens to wear an experimental medical device in violation of the rights of citizens guaranteed under the 14th Amendment.

38. The State of Oregon's mask rule OAR 333-019-1025 is unconstitutional.

39. Defendants are state actors and/or operating under the color of law when they attempted to enforce Oregon's mask rule and applied coercion in their attempt to persuade Mr. Edtl to wear a face mask.

40. Mr. Edtl asserts his constitutional rights against Defendants pursuant to 42 U.S.C. § 1983. Each of the Defendants, are state actors and acted under the color of law, to violate Mr. Edtl's constitutional rights.

## SECOND CLAIM FOR RELIEF

### VIOLATION OF RIGHT TO INFORMED CONSENT PURSUANT TO FEDERAL LAW

### (42 U.S.C. § 1983)

41. Plaintiffs reallege and incorporate by reference the foregoing allegations as if fully set forth herein.

42. Pursuant to 21 U.S.C. § 360bbb-3, individuals have the option to accept or refuse use of a face mask.

43. The United States Constitution and federal laws are the supreme law of the land and supersede conflicting laws of the State of Oregon. Mr. Edtl's right to informed consent under 21 U.S.C. § 360bbb-3 supersedes Oregon's administrative rule OAR 333-019-1025.

44. Mr. Edtl had the absolute right to refuse to wear a face mask.

45. In violation of federal law, Defendants failed to acknowledge Mr. Edtl's right to refuse to wear a face mask.

46. Mr. Edtl asserts his rights under federal law against Defendants pursuant to 42 U.S.C. § 1983. Each of the Defendants, acting under the color of law, have violated Plaintiffs' right to refuse to wear an experimental medical device.

## DEMAND FOR JURY TRIAL

47. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff respectfully demands a jury trial of all issues triable to a jury in this action.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

A.  A judgement for damages against Defendants;

B.  An injunction against Defendants' enforcement of Oregon's mask mandate;

C.  Attorney fees pursuant to 42 U.S.C. § 1983; and

D.  Such other and further relief and the Court deems just.

Respectfully submitted,

Dated: February 14, 2022    By:    s/ *Stephen J. Joncus*

**Stephen J. Joncus**, OSB No. 013072
Email: steve@joncus.net
JONCUS LAW P.C.
13203 SE 172nd Ave Ste 166 #344
Happy Valley, Oregon 97086
Telephone: (971) 236-1200
Facsimile: (971) 244-7997
steve@joncus.net

*Attorney for Plaintiff Ben Edtl*